Mr. Chief Justice ShaRkey
delivered the opinion of the court.
A motion was made in the circuit court of Adams county to quash a forthcoming bond given by the appellants to the sheriff, which was overruled and the plaintiffs appealed. The execution was in favor, of Ellen Miles, and commanded the sheriff to levy a certain sum, of the goods and chattels, lands and tenements of Hugh Jones, deceased, in the hands of Thomas Jones as administrator. The sheriff made a general return on the execution of “levied,” without specifying on what property, and took the bond in question, in which it is recited that the execution was “ levied on all the goods and chattels of the said defendant, Thomas Jones.” On this ground it is objected to.
Virginia is, perhaps, the only other state that has adopted a provision authorising the taking of such bonds. Our statute is very similar to the Virginia statute, and so far as the decisions have gone in that state, they may be considered as authority here.
The statute, like the Virginia act, requires that the levy should be recited and the amount of the debt. The decisions show, that a strict observance of the statute is required. In Hubbard v. Taylor, 1 Washington, 259, the bond was held defective, because it did not show against whom the execution issued or to whom the property belonged. In Lewis v. Thompson et al., 2 Henning and Munford, it is clearly deducible from the opinion, that it is necessary that the bond should recite to whom the property belonged, although in that case the levy on the negroes by name, and the statement that the defendants were desirous to retain the possession was held sufficiently to show that the'property belonged to the defendants. If, then, it be necessary that the bond should show to whom the property belonged, I think that the ownership should also show a liability to the execution. In that case this bond shows too much: it shows that the property levied on was not liable to the execution. The sheriff, by the command of the execution, was only authorised to make the money out of the goods and chattels of Hugh Jones; and because the goods levied *52 on were in the hands of the administrator, it was no evidence of their liability, but -prima facie evidence of the very reverse. In executing such a writ, the sheriff must abide by the terms of it, and make a distinction between the two sorts of goods; and if there be no goods of the intestate in the hands of the administrator, it does not authorise a levy on his individual property; a different remedy is provided.
Suppose the sheriff had levied this execution on the property of a total stranger, and so recited in the bond, no one would hesitate in saying that he had transcended his authority and that the bond should be quashed; and the individual property of Thomas Jones, although he was the administrator, was no more liable to the satisfaction of the execution by levy, than the property of a stranger.
There is a distinction between the individual property of the administrator and that which he holds as administrator, which must be observed. 4 Term Rep. 354. I do not think the levy in this case can help the bond, as it does not show upon what property it was made; and as the law requires that the levy should be recited, we must suppose that the recital in the bond conforms to the levy.
The judgment of the court below must be reversed and the bond quashed.